UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHEILA L. MURPHY,

                Plaintiff,

     v.                                    **DECISION AND ORDER**
                                                   07-CV-209S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Sheila L. Murphy challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled by a right shoulder tear, degenerative disc disease of the lumbar spine, obesity, asthma, and depression, since January 27, 2001. Plaintiff contends that because her impairments render her unable to work, she is entitled to disability benefits under the Act.

      2.      Plaintiff filed applications for disability insurance and Supplemental Security Income benefits on February 26, 2003. Plaintiff's eligibility for each of these benefit programs is contingent upon a finding that she is disabled under the Act.

      3.      Plaintiff's applications were initially denied, prompting her to request a hearing before an ALJ. The ALJ conducted a hearing on August 17, 2004, at which time Plaintiff appeared with counsel and testified. Vocational Expert James Earhart also appeared and testified. The ALJ considered the case *de novo*, and on September 8, 2004, issued a written decision denying Plaintiff's applications for benefits. On January 26, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this action

challenging Defendant's final decision on March 29, 2007.[1]

4. On September 4, 2007, the parties filed competing Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court deemed the motions submitted and reserved decision. For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

---

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

8. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9.      Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts:  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since January 27, 2001 (R. at 30);[2] (2) Plaintiff's right shoulder tear, degenerative disc disease, obesity, asthma, and depression are "severe" impairments within the meaning of the Act (R. at 30); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 30); (4) Plaintiff retained the residual functional capacity to perform light or sedentary work with limitations[3] (R. at 30); (5) Plaintiff is unable to perform her past relevant work as a home health aide, a machine operator/packaging, and a certified nurse's aide (R. at 30); and (6) Plaintiff is a "younger

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ found that "[t]he claimant retains the capacity to perform light or sedentary work diminished by significant additional limitations as she can only occasionally climb, balance, bend, stoop, kneel, crouch, squat and craw[l]; she can use her right hand for fine manipulation and for frequent simple grasping, but she should avoid reaching above shoulder level with her right arm; she should avoid using her right foot for repetitive movements such as operating foot controls and push/pull; she must avoid concentrated or excessive exposure to pulmonary irritants such as dust, odors, fumes, extremes in temperature and humidity; she has sufficient attention and concentration to understand, remember and follow simple instructions; and, she is limited to 1 – 2 step tasks." (R. at 30.)

4

individual" who retains a residual functional capacity to perform work available in the national economy (R. at 30-31). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of her decision. (R. at 31.)

11. Plaintiff lodges a number of challenges to the ALJ's decision. First, she argues that the ALJ improperly substituted her own opinion for those of the medical providers. In particular, she argues that the ALJ improperly interpreted certain MRI results, a nerve conduction study, and her Global Assessment Functioning results. But the ALJ did not interpret these tests. Rather, she considered the test results and the interpretive findings of the medical providers, and then concluded that they did not support Plaintiff's claims regarding the severity of her limitations. (R. at 24, 25.) The ALJ relied on the medical providers' interpretation of these tests, not her own. (R. at 24, 25.) In fact, the ALJ quotes and cites the medical providers' opinions directly. (R. at 24, 25.)

Further, Plaintiff maintains that the ALJ "played the role of doctor" when she determined that her impairments did not meet or equal a Listed Impairment at step three of the sequential evaluation. Here too, however, the ALJ did not interpret any medical evidence, but rather, found an absence of evidence in the record that would support a finding that Plaintiff suffered from a Listed Impairment or its equivalent. (R. at 18-20.)

Consequently, this Court finds that the ALJ did not substitute her own medical opinion for those of the medical providers.

12. Second, Plaintiff argues that the ALJ improperly afforded "considerable weight" to the opinion of the state agency's analyst, who is not a doctor. (R. at 25, 205-211.) Plaintiff points to the fact that Dr. Steven Dina, who conducted an independent medical examination of Plaintiff on April 16, 2003, did not fully adopt the analyst's opinion.

5

(R. at 23.) She argues that the ALJ erred by relying on the analyst's opinion because it is inconsistent with Dr. Dina's findings and is not supported by medical testimony or opinion.

But the record reveals that the ALJ relied on more than the analyst's opinion; her residual functional capacity assessment was also supported by Dr. Dina's findings, as well as by Drs. Miller[4], Romanowski, and Del Regno. (R. at 123, 135-136,186.) As the ALJ noted, nothing in the medical evidence supported or suggested a lower residual functional capacity finding. (R. at 25.) And Plaintiff has not pointed to any medical evidence that contradicts or undermines the ALJ's residual functional capacity finding.

13.	Plaintiff next argues that the ALJ failed to consider the effect of her severe limitations on her ability to perform basic work activities. But this is not the case. The ALJ specifically reduced Plaintiff's residual functional capacity because she found that it was "diminished by significant additional limitations." (R. at 22.) Moreover, the ALJ found that the severity of Plaintiff's limitations was not as great as Plaintiff claimed, a finding that is supported by medical evidence in the record, as well as by the observations of treating sources who also noted that Plaintiff overstated her limitations. (R. at 24, 26, 123, 218.) The ALJ considered the effect of Plaintiff's limitations, but concluded that they do not prevent her from performing a reduced degree of light or sedentary work. (R. at 25.) Accordingly, this Court finds no error in the ALJ's assessment of the impact of Plaintiff's limitations on her ability to perform basic work activities.

14.	Fourth, Plaintiff maintains that the ALJ failed to adequately develop the record by not seeking further clarification from the medical providers. An ALJ has an obligation to seek further clarification from a medical source when he or she finds a medical report unclear or ambiguous. See 20 C.F.R. § 404.1512(e)(1). Further contact

---

[4]Dr. David Miller.

is also required when an ALJ finds that a treating physician's opinion is not well supported by medically acceptable diagnostic and clinical evidence. See Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

Here, however, the ALJ found that the medical opinions did not support a finding of disability; she did not find the reports ambiguous, unclear, or lacking proper support. Accordingly, the ALJ was not obligated to seek further clarification.

15. Finally, Plaintiff contends that the ALJ's negative credibility finding is erroneous. (R. at 26.) In particular, Plaintiff takes issue with the ALJ's finding that her daily activities are inconsistent with her claim of disability. But the ALJ fully explained her reasons for reaching this conclusion, and she relied on and discussed the diagnostic and anecdotal evidence indicating that Plaintiff exaggerated her symptoms and limitations on more than one occasion.[5] (R. at 24-25, 123, 218.)

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar). In this Court's view, the ALJ adequately articulated the reasons why she found Plaintiff's subjective complaints to be less than credible, most notably because they were inconsistent with her activities of daily living and fit a pattern of symptom exaggeration that is documented in the record. (R. at 24-25.) Thus, this Court finds no cause to disturb the ALJ's credibility finding.

---

[5] In addition, Dr. David Miller reported viewing surveillance camera footage that demonstrated Plaintiff's normal functioning. (R. at 123.)

16. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   December 7, 2007
         Buffalo, New York

                                                                          /s/William M. Skretny
                                                                          WILLIAM M. SKRETNY
                                                                   United States District Judge